UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

UNITED STATES OF AMERICA,

          Plaintiff,

vs.                                         Case No. 23-mj-00016-JPO

KYLE WILLIAM STAEBELL,

          Defendant.

## DETENTION ORDER

**A.**   **Order for Detention.**

After conducting a detention hearing pursuant to 18 U.S.C. § 3142(f) on January 20, 2023, the undersigned U.S. Magistrate Judge, James P. O'Hara, hereby orders the defendant, Kyle William Staebell, detained pursuant to 18 U.S.C. §§ 3142(e) & (i).

**B.**   **Statement of Reasons for Detention.**

The court finds by a preponderance of the evidence that no combination of conditions of release will reasonably assure the appearance of defendant as required, i.e., defendant poses a serious flight risk. The court further finds by clear and convincing evidence that no combination of conditions of release will reasonably assure the safety of the community; specifically, and without limitation of the foregoing, defendant poses a serious risk of continuing to threaten others with violence and possibly acting on those threats.

**C.**   **Findings of Fact.**

The court's findings of fact in connection with the decision to detain defendant are based on the record presented during the detention hearing, i.e., the information contained in the Pretrial Services report, the sworn "live" testimony of the FBI's investigating case agent, defendant's proffer through his appointed counsel, and the closing arguments by both sides' counsel, including but not limited to the following:

    (1)   Nature and circumstances of the offense charged in the present case: transmission of threats in interstate commerce. More specifically, the complaint alleges defendant threatened to kill FBI and DHS agents, and also members of the Colorado Symphony, and also that defendant circumvented security and entered a

restricted area of said performing-arts group.

(2) The Government has a strong case against defendant on two of the three charges stated in the complaint. Subject to its right to develop the record further when this case proceeds to a grand jury, the government candidly acknowledged the preliminary-hearing record did not establish probable cause on the third charge, which is based on a threatening email received by the Colorado Symphony.

(3) The history and characteristics of defendant, including:

> Defendant appears to have a mental condition which may affect whether he will appear for future court proceedings, and just as importantly whether it can reasonably be expected that he would comply with *any* conditions of release the court might set. Putting it mildly, the defendant's affect and demeanor during his initial appearance and the detention hearing was very agitated and oppositional, e.g., repeatedly speaking out of turn against the advice of both the court and counsel. The record during the detention hearing suggests defendant of late has exhibited delusional and paranoid behaviors. And, toward the very end of the detention hearing, after defendant and his counsel were given an opportunity to confer privately at some length, she stated that she intended to promptly file a formal motion for the court to determine whether her client is legally competent to proceed in this criminal case.
>
> Defendant has engaged in alcohol abuse.
>
> Defendant has a significant prior criminal record, including felony identity theft.
>
> Defendant has a prior record of failing to appear at court proceedings at least twice.
>
> Defendant has a prior record of failing to comply with conditions of release.
>
> Use of at least two alias names.
>
> Unstable living situation, i.e., a Molotov-cocktail device was found in defendant's bedroom at his parents' home where he proposes to live if released.

>     Although to date defendant hasn't acted on any his threats, upon arrest he admitted to law enforcement that he had a copy of the "The Anarchist Cookbook" on his laptop computer - book has various instructions on making various explosive and destructive devices.
>
>     Defendant's parents have tried but not succeeded in getting him effective help for his mental-health challenges.
>
>     Defendant recently traveled to Mexico and his ex-girlfriend had to involve law enforcement there to resolve a domestic dispute.

(4)   The threat of continued threatening and possibly violent behavior if defendant were released poses a serious risk of danger to the community.

### D.   **Additional Directives**.

Pursuant to 18 U.S.C. §§ 3142(i)(2)-(4), the court directs defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel of record in this case. On order of a court of the United States, or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: January 20, 2023                    s/ James P. O'Hara
                                           James P. O'Hara
                                           U.S. Magistrate Judge