IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 23-cr-00042-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KYLE WILLIAM STAEBELL,

    Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the Competency Hearing held before the undersigned on June 14, 2023, to determine Defendant Kyle William Staebell's competency to proceed in this criminal case. Based on the following, the Court **recommends** that Defendant is competent to proceed.

    Having judicially noticed all relevant adjudicative facts in the file and record, having considered Defendant's non-objection at the hearing to a finding of competency for purposes of proceeding with the criminal case against him, and having considered the Confidential Competency Evaluation Report [#25-1] filed under restriction on March 22, 2023, and the Addendum to Confidential Competency Evaluation Report [#34-1] filed under restriction on May 31, 2023, the Court enters the following findings of fact, as supported by a preponderance of the evidence as required by 18 U.S.C. § 4241(d), and conclusions of law.

## I. Findings of Fact and Conclusions of Law

1. The determination of the mental competency of a defendant in a criminal case is governed by 18 U.S.C. § 4241.

2. Pursuant to 18 U.S.C. § 4241(a), the Court shall order a hearing on its own motion to determine the mental competency of a defendant "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."

3. On January 20, 2023, Defendant filed a Motion for Determination of Competency [#11] raising the issue of Defendant's competency.

4. In the absence of objection from either party, the Court ordered a competency evaluation. *Order* [#17].

5. Pursuant to the January 25, 2023 Order [#17] and 18 U.S.C. § 4247(b), Jane M. Wells, J.D., Ph.D., Ph.D., a licensed psychologist, conducted a psychological examination of Defendant. *See* [#25-1].

6. On March 22, 2023, and May 31, 2023, the Confidential Competency Evaluation Report [#25-1] and Addendum to Confidential Competency Evaluation Report [#34-1], respectively, written by Dr. Wells were filed under restriction

7. The reports included the information, diagnoses, and opinions required pursuant to the provisions of 18 U.S.C. § 4247(c)(1)-(4). *See id.*

8. The Court approves, adopts, and incorporates Dr. Wells' findings, diagnoses, and opinions.

9. The Court held a hearing pursuant to 18 U.S.C. § 4247(d) on June 14, 2023, at which Defendant appeared.

10. Defendant is not presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or unable to assist properly in his defense.

11. Therefore, the Court finds that Defendant is presently competent to proceed.

12. Pursuant to 18 U.S.C. § 3161(h)(1)(A), the period of delay, i.e., from the filing of Defendant's Motion for Determination of Competency [#11], on January 20, 2023, to the date of the District Judge's order on this Recommendation, resulting from these competency proceedings should be excluded in computing the time within which the trial must commence under 18 U.S.C. § 3161(c).

## II. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that Defendant Kyle William Staebell be declared competent to proceed.

IT IS FURTHER **RECOMMENDED** that, pursuant to 18 U.S.C. § 3161(h)(1)(A), the period of delay, i.e., from the filing of Defendant's Motion for Determination of Competency [#11], on January 20, 2023, to the date of the District Judge's order on this Recommendation, resulting from these competency proceedings should be excluded in computing the time within which the trial must commence under 18 U.S.C. § 3161(c).

IT IS HEREBY **ORDERED** that, pursuant to Fed. R. Crim. P. 59(b)(2), the parties

shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, see Fed. R. Crim. P. 59(b)(3), and also waives appellate review of both factual and legal questions. See Fed. R. Crim. P. 59(b)(2).

Dated: June 14, 2023

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge