IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 23-CR-00042-DDD

UNITED STATES OF AMERICA,

       Plaintiff,

v.

KYLE STAEBELL,

       Defendant.

---

**UNOPPOSED MOTION TO EXCLUDE THIRTY DAYS FROM SPEEDY TRIAL ACT**

---

Kyle Staebell, through counsel, respectfully moves this Court, pursuant to 18 U.S.C. § 3161(h)(7)(A), for a thirty day ends of justice continuance, including a corresponding extension of relevant deadlines, including the pretrial motions deadline. The government does not oppose this motion.

    I.    <u>Procedural Background</u>

On January 17, 2023, the government filed a Criminal Complaint against Mr. Staebell, alleging a violation of 18 U.S.C. § 875(c). (ECF 1). Mr. Staebell first appeared for that Complaint the same day. (*See* ECF 4). On January 20, 2023, undersigned counsel filed a Motion for Determination of Competency. (ECF 11). On February 8, 2023, while a competency determination was still pending, the government filed an Indictment alleging three violations of 18 U.S.C. § 875(c). (ECF 18). Mr. Staebell was arraigned on the Indictment on June 14, 2023, after being found competent by Magistrate Judge Mix. (*See* ECF 38). The Court adopted the

competency finding on June 30, 2023 and, pursuant to 18 U.S.C. § 3161(h)(1)(A), excluded one hundred sixty-one days from the Speedy Trial Act.

Mr. Staebell received initial discovery for his case on April 17, 2023. The government provided additional disclosures to the defense on May 25, 2023 and June 12, 2023. On July 7, 2023, the government informed defense counsel that additional discovery, including forensic reports and lab reports, would be disclosed sometime the following week. On the date of this filing, the government notified defense counsel that the pending disclosures would not be made for at least another week.

Speedy Trial Calculation

Twenty-eight days have passed since Mr. Staebell first appeared on the Indictment after being found competent, not including the date of the present filing. As a result, forty-two days remain in the original speedy trial period. An extension of thirty days would move the 70-day speedy trial date to approximately October 8, 2023.[1]

II.     Standard for Continuances

A court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *See* 18 U.S.C. § 3161(h)(7)(A). The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). Pertinent factors that apply to an "ends of justice" finding in the present case include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.

---

[1] Because the Court excluded all time between January 20, 2023 and June 30, 2023 from the Speedy Trial Act, Mr. Staebell calculates the current speedy trial date at September 8, 2023. Exclusion of an additional thirty days would move the speedy trial date to October 8, 2023.

. . . .

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

*See* 18 U.S.C. §1361(h)(7)(B)(Westlaw 2014). *See also United States v. Toombs*, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

"Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F.3d 1431, 1435 (10th Cir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States,* 130 S.Ct. 1345 (2010).

III.   Argument

This case meets the criteria set forth in 18 U.S.C. § 3161(h)(7). Mr. Staebell requests a finding that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would...result in a miscarriage of justice" and "would deny counsel for the defendant…reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv).

Defense counsel requires thirty additional days to obtain complete discovery. Without complete discovery, undersigned counsel cannot competently conduct necessary pre-trial investigation, research the pertinent legal issues, prepare appropriate pre-trial motions, or fully

advise Mr. Staebell as to both the likelihood of success or failure at trial and the sentencing range he will face if convicted, as well as prepare for trial or negotiate a favorable disposition with the government on Mr. Staebell's behalf. Depending on the scope and nature of the pending disclosures, additional time may be required to thoroughly review and investigate the information disclosed. Because Mr. Staebell has no desire to prolong his case or his detention unnecessarily, he requests only thirty days at this time. Mr. Staebell believes thirty days will be sufficient to obtain the pending disclosures from the government.

Neither Mr. Staebell nor the government object to the requested continuance. The failure to grant the requested continuance in this case would result in a miscarriage of justice and would also deny undersigned counsel the reasonable time necessary for effective preparation pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iv).

The nature and facts of the case are such that no amount of diligent work can ensure effective assistance of counsel within the current speedy trial time-frame. More time is essential to guarantee his right to effective representation. Defense counsel believes the requested extension would serve the requested purpose. The present request is Mr. Staebell's first request for additional time under the Speedy Trial Act.

//

//

//

//

4

WHEREFORE, Mr. Staebell respectfully requests that this Court issue an Order excluding thirty days from the speedy trial time limitations.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/Kilie Latendresse
KILIE LATENDRESSE
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
kilie.latendresse@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 12, 2003, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

      Laura Cramer-Babycz, Assistant United States Attorney
      Laura.Cramer-Babycz@usdoj.gov

      Andrea Surrat, Assistant United States Attorney
      Andrea.Surrat@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

      Kyle Staebell (via U.S. Mail)

      s/Kilie Latendresse
      KILIE LATENDRESSE
      Assistant Federal Public Defender
      633 17th Street, Suite 1000
      Denver, CO  80202
      Telephone:  (303) 294-7002
      FAX:  (303) 294-1192
      kilie.latendresse@fd.org
      Attorney for Defendant