IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 23-CR-00042-DDD

UNITED STATES OF AMERICA,

        Plaintiff,

v.

KYLE STAEBELL,

        Defendant.

---

**UNOPPOSED MOTION TO EXCLUDE 120 DAYS FROM SPEEDY TRIAL ACT**

---

    Kyle Staebell, through counsel, respectfully moves this Court, pursuant to 18 U.S.C. § 3161(h)(7)(A), for a 120 day ends of justice continuance, including a corresponding extension of relevant deadlines, including the pretrial motions deadline. The government does not oppose this motion.

I.    <u>Procedural Background</u>

    On January 17, 2023, the government filed a Criminal Complaint against Mr. Staebell, alleging a violation of 18 U.S.C. § 875(c). (ECF 1). Mr. Staebell first appeared for that Complaint the same day. (*See* ECF 4). On January 20, 2023, undersigned counsel filed a Motion for Determination of Competency. (ECF 11). On February 8, 2023, while a competency determination was still pending, the government filed an Indictment alleging three violations of 18 U.S.C. § 875(c). (ECF 18). Mr. Staebell was arraigned on the Indictment on June 14, 2023, after being found competent by Magistrate Judge Mix. (*See* ECF 38). The Court adopted the

1

competency finding on June 30, 2023 and, pursuant to 18 U.S.C. § 3161(h)(1)(A), excluded one hundred sixty-one days from the Speedy Trial Act.

Mr. Staebell received initial discovery for his case on April 17, 2023. The government provided additional disclosures to the defense on May 25, 2023 and June 12, 2023. On July 7, 2023, the government informed defense counsel that additional discovery, including forensic reports and lab reports, would be disclosed sometime the following week. The government later notified defense counsel that those disclosures would not be made for at least another week.

On July 12, 2023, Mr. Staebell filed a Motion to Exclude 30 Days From Speedy Trial Act in order to obtain that discovery. ECF 43. The Court granted the motion on July 31, 2023. ECF 44.

On July 31, 2023, the government notified undersigned counsel that additional discovery was available. However, the disclosures were so extensive that they required a 1 TB external hard drive, plus an additional 10 GB of reports, records, and other media files. Undersigned counsel received a copy of this discovery on August 7, 2023. Additional time is needed to review the recent disclosures and discuss them with Mr. Staebell.

II.     Speedy Trial Calculation

Forty-two days remained in the original speedy trial period when the first Motion to Exclude was filed. The Court previously excluded all time between July 31, 2023 and August 30, 2023 from the Speedy Trial Act time. ECF 44. An extension of 120 days would move the 70-day speedy trial date to approximately February 9, 2023.[1]

---

[1] Forty-two days from August 31, 2023 is October 12, 2023. One hundred twenty days from that date is February 9, 2024.

    III.    <u>Standard for Continuances</u>

A court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *See* 18 U.S.C. § 3161(h)(7)(A). The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). Pertinent factors that apply to an "ends of justice" finding in the present case include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.
>
> . . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

*See* 18 U.S.C. §1361(h)(7)(B)(Westlaw 2014). *See also United States v. Toombs*, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

"Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F.3d 1431, 1435 (10th Cir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States,* 130 S.Ct. 1345 (2010).

IV.     Argument

This case meets the criteria set forth in 18 U.S.C. § 3161(h)(7). Mr. Staebell requests a finding that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would...result in a miscarriage of justice" and "would deny counsel for the defendant…reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv).

Defense counsel requires 120 additional days to examine the discovery and review it with Mr. Staebell. Due to the size of the recent disclosures, undersigned counsel cannot realistically review all of it before the current trial date. Thorough discovery review is a necessary prerequisite to identifying appropriate avenues for pre-trial investigation and pertinent legal issues, prepare appropriate pre-trial motions, as well as fully advising Mr. Staebell as to both the likelihood of success or failure at trial and the sentencing range he will face if convicted.

Neither Mr. Staebell nor the government object to the requested continuance. The failure to grant the requested continuance in this case would result in a miscarriage of justice and would also deny undersigned counsel the reasonable time necessary for effective preparation pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iv).

The nature and facts of the case are such that no amount of diligent work can ensure effective assistance of counsel within the current speedy trial time-frame. More time is essential to guarantee his right to effective representation. Defense counsel believes the requested extension would serve the requested purpose. The present request is Mr. Staebell's second request for additional time under the Speedy Trial Act.

WHEREFORE, Mr. Staebell respectfully requests that this Court issue an Order excluding 120 days from the speedy trial time limitations.

        Respectfully submitted,

        VIRGINIA L. GRADY
        Federal Public Defender


        s/Kilie Latendresse
        KILIE LATENDRESSE
        Assistant Federal Public Defender
        633 17th Street, Suite 1000
        Denver, CO  80202
        Telephone:  (303) 294-7002
        FAX:  (303) 294-1192
        kilie.latendresse@fd.org
        Attorney for Defendant

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 11, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

  Laura Cramer-Babycz, Assistant United States Attorney
  Laura.Cramer-Babycz@usdoj.gov

  Andrea Surrat, Assistant United States Attorney
  Andrea.Surrat@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

  Kyle Staebell (via U.S. Mail)

            s/Kilie Latendresse
            KILIE LATENDRESSE
            Assistant Federal Public Defender
            633 17th Street, Suite 1000
            Denver, CO  80202
            Telephone:  (303) 294-7002
            FAX:  (303) 294-1192
            kilie.latendresse@fd.org
            Attorney for Defendant