IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Criminal Action No. 1:23-cr-00042-DDD-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KYLE WILLIAM STAEBELL,

    Defendant.

## ORDER GRANTING SECOND MOTION TO CONTINUE

The defendant moves to continue the trial date in this case by one hundred twenty days, and to exclude that period of delay when computing the time within which his trial must commence under the Speedy Trial Act. Doc. 45. For the following reasons, I find that the requested continuance is warranted, and that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial. Accordingly, the defendant's motion is granted.

### PROCEDURAL HISTORY

On January 17, 2023, a criminal complaint was filed alleging that the defendant had transmitted threats in interstate commerce in violation of 18 U.S.C. § 875(c). Doc. 1. That same day, the defendant was arrested and had his initial appearance in this Court. Docs. 3, 4. On January 20, the defendant's counsel moved for a determination of his competency to stand trial. Doc. 11. That motion was granted, and a competency evaluation was ordered. Doc. 17. On February 8, the defendant

was indicted on three counts of interstate communication of threats in violation of 18 U.S.C. § 875(c). Doc. 18. After receipt of the competency evaluation, United States Magistrate Judge Kristen L. Mix held a competency hearing and issued a recommendation that the defendant be declared competent to proceed to trial. Docs. 38, 39. On June 14, the defendant pleaded not guilty at his arraignment. Doc. 39. On June 30, I adopted Judge Mix's recommendation and declared the defendant mentally competent to stand trial. Doc. 41.

The time from the filing of the motion for a competency determination to the issuance of my order declaring the defendant competent was excluded in computing time under the Speedy Trial Act, Doc. 41 (citing 18 U.S.C. § 3161(h)(1)(A)), making September 8, 2023 the deadline for his trial to commence, *see* 18 U.S.C. § 3161(c)(1). I entered an order setting trial to commence on August 21. Doc. 42. On July 12, the defendant filed a motion to continue and exclude thirty days of Speedy Trial Act time. Doc. 43. I granted that motion on July 31, resetting trial to commence on September 18. Doc. 44. On August 11, the defendant filed the motion to continue currently before me. Doc. 45. The Government does not oppose the requested continuance. *Id.* at 1, 4.

## APPLICABLE LAW

When evaluating a request to continue a trial, I consider the following factors: (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the Court resulting from the continuance; and (4) the need asserted for the continuance and the harm that the party requesting it might suffer if the continuance is denied. *United States v. West*, 828 F.2d 1468, 1470 (10th

Cir. 1987). No single factor is determinative, and the weight given to any one factor may vary depending on the extent of the showing on the others. *Id.* However, "by far the most important factor to consider" is the requesting party's need for a continuance and the prejudice resulting from its denial. *Id.* at 1471.

When a request for continuance implicates Speedy Trial Act requirements, I may exclude from the statutory time period within which the defendant's trial must commence "[a]ny period of delay resulting from a continuance granted . . . on the basis of [my] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In order to exclude the period resulting from such a continuance, I must set forth in the record my reasons for finding that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial, considering the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> . . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for

> effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(A)-(B); *see also United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009).

## DISCUSSION

The defendant requests a continuance because the defense needs more time to review and evaluate the discovery produced by the Government on August 7, 2023, which includes a 1 TB hard drive plus an additional 10 GB of reports, records, and media files. Doc. 45 at 2, 4.

I find that the *West* factors weigh in favor of granting the requested continuance. Nothing in the record suggests that the defendant and his counsel have not been diligent in obtaining and reviewing discovery, or that the Government has not been diligent in producing it. It also appears likely that the continuance, if granted, would accomplish the defense's stated purpose of allowing adequate time for counsel to review the recently produced voluminous discovery and conduct any necessary follow-up investigation. The Government does not oppose the requested continuance, and the continuance will not cause any significant inconvenience to the Court. And the defendant might be significantly prejudiced if the continuance is denied, as he and his counsel may be unable to effectively prepare for trial without adequate time to review and analyze discovery.

I further find that the Speedy Trial Act factors weigh in favor of a finding that the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial. It is in the defendant's best interest to have sufficient time to complete necessary pretrial tasks and have informed discussions with his counsel regarding his case. Without the requested continuance,

defense counsel will be unable to effectively conduct investigation and legal research, advise the defendant, file appropriate pretrial motions, knowingly and intelligently engage in plea negotiations, or prepare the case for trial. A limited ends-of-justice continuance will not subvert the public's or the defendant's interests in the prompt prosecution of this case.

## Conclusion

Based on the relevant record considered as a whole, I **FIND** that:

Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c)(1) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

Even taking into account the exercise of due diligence, failure to grant the requested continuance would deny counsel for the defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

The ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A); and

One hundred twenty (120) days should be excluded from the computation of the Speedy Trial Act time.

For the foregoing reasons,[1] it is **ORDERED** that:

The defendant's Unopposed Motion to Exclude 120 Days from Speedy Trial Act, **Doc. 45**, is **GRANTED**;

---

[1] As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the Court's calendar or lack of diligent preparation by the Government's counsel.

One hundred twenty (120) days, from August 30, 2023 to December 28, 2023, will be excluded from the computation of the Speedy Trial Act time;

The five-day jury trial set for September 18, 2023 is **VACATED** and **RESET** to commence at **9:00 a.m.** on **January 8, 2024** in Courtroom A1002 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, CO 80294. Counsel and pro se parties must be present at 8:30 a.m. on the first day of trial;

The Trial Preparation Conference set for September 14, 2023 is **VACATED** and **RESET** to **10:30 a.m.** on **January 4, 2024** in Courtroom A1002; and

The pretrial motions deadline is extended to **December 11, 2023**, responses to those motions must be filed no later than **December 18, 2023**, and no replies are permitted without prior leave of the Court. The deadlines for disclosing and challenging expert witnesses, filing any notice of disposition, filing and responding to motions *in limine*, filing proposed jury instructions and verdict forms, filing trial briefs, filing witness and exhibit lists, and filing proposed *voir dire* questions remain as stated in the Order Setting Trial Date and Related Deadlines, Doc. 42.

DATED: August 21, 2023      BY THE COURT:

_____
Daniel D. Domenico
United States District Judge