IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 23-CR-00042-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KYLE STAEBELL,

    Defendant.

## DEFENDANT'S PLEA OF GUILTY AND STATEMENT OF FACTS RELEVANT TO SENTENCING WITHOUT A PLEA AGREEMENT

    Kyle Staebell, personally and by counsel, Kilie Latendresse, Assistant Federal Public Defender, submits this Plea of Guilty and Statement of Facts Relevant to Sentencing:

### I. Plea of Guilty

    Mr. Staebell intends to plead guilty to the indictment, which charges him with three violations of 18 U.S.C. § 875(c), interstate communication of a threat.

### II. Elements of the Offense

    Mr. Staebell submits the elements of 18 U.S.C. § 875(c) are as follows:

    First: the defendant knowingly transmitted a communication containing a threat to injure the person of another;

    Second: the defendant transmitted the communication with the intent to make a threat, or with knowledge that the communication will be viewed as a threat; and

1


COURT EXHIBIT
1
23-cr-00042

Third: the communication was transmitted in interstate or foreign commerce.

## III. Statutory Penalties

The maximum statutory penalty for a violation of 18 U.S.C. § 875(c) is not more than five years imprisonment; not more than a $250,000 fine, or both; not more than three years of supervised release; a $100 special assessment fee; and, if applicable, restitution. A violation of the conditions of probation or supervised release may result in a separate prison sentence and additional supervision.

## IV. Collateral Consequences

The conviction may cause the loss of civil rights, including, but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.

## V. Factual Basis to Support the Plea of Guilty

Mr. Staebell admits to the following:

In the early morning hours of January 16, 2023, Kyle Staebell knowingly transmitted three threats in interstate commerce, in which he threatened to commit acts of violence at the Federal Bureau of Investigation ("FBI"), Department of Homeland Security ("DHS"), and a Colorado-based performing arts group's location. Mr. Staebell admits that he knew each would be viewed as a threat.

### *FBI NTOC Tip Line Threat*

On January 16, 2023, at 3:10 a.m. Eastern Time (1:10 a.m. Mountain Time), the defendant submitted an online tip to the FBI's National Threat Operations Center ("NTOC"). As shown below, the NTOC tip line asks individuals who are submitting tips to

choose from categories and provide a description of the threat in narrative form. The submitted the following information:

> Violation: Terrorism
>
> Emergency: False
>
> Threat To Life: True
>
> Submitted Text: Tomorrow I am going to walk up to the FBI offices and start shooting everyone I see and will throw explosives to kill as many of you cocksuckers as possible!!!!!!!!!!!!!!!!1
>
> Violation Questions
>
> What type of attack are you reporting?: Mass Shooting at the FBI Denver Office Tomorrow
>
> What makes you believe the attack will occur? How do you know the attack will occur?: I will do a mass shooting at the denver FBI office tomorrow!
>
> Is the attack being organized by a group or individual? Are there any known associates?: I am the leader of an islamist terrorist cell. Allah ackbar!!!!!!!!!!!!!!1
>
> Does this person or group have access to firearms, explosives, or any other chemical?
>
> If so, what weapons are involved?: I have explosives, automatic weapons, everything i
>
> need!!!!!!!!!!!!!!!!1
>
> Do you know the plan of attack(when, where, has there been any rehearsals of the attack)?:
>
> Tomorrow I will do the attack myself.

The NTOC tip line also allows the individual submitting the tip to provide identifying information. In this case, the submitter provided the following identifying information:

3

> First Name: Kyle
> Middle Name:
> Last Name: Staebell
> DOB: \*\*/\*\*/1989 [redacted]
> Phone Type: Cell
> International: False
> Phone Number: 720253\*\*\*\* [redacted]
> Phone Ext:
> Email: kylestaebell@gmaill.com [sic]
> Type: Residential
> Address: \*\*\*\*\* [redacted] (hereinafter, the "Lakewood address")
> City: Lakewood
> State: CO
> Zip: 80226

Finally, the NTOC tip line captures the IP address of the individual submitting the tip. Here, IP address "73.153.142.149" submitted the NTOC tip described above. That IP address resolved to an account owned by Kyle Staebell's father and the physical address of the Staebell family's home in Evergreen, Colorado (the "Evergreen address"). Mr. Staebell admits he was the person who submitted the January 16 NTOC threat and that he knew it would be viewed as a threat.

All submissions made through the NTOC tip line are reviewed by someone in West Virginia, where NTOC's server is also located. In this case, a threat examiner identified this particular submission as a threat to life, and the FBI Denver Field Office was informed.

### *Twitter Threats to FBI and DHS*

Soon after the FBI became aware of the above-described NTOC threat, the New York Police Department informed the FBI that a threat had been made in the early

4

morning hours of January 16, 2023, by a Twitter user with the handle @KyleofLight. Those tweets are as follows:



According to information provided by Twitter, the email address associated with the account is "kwstaebe1@gmail.com" and the phone number associated with the account is 720-253-**** (that is, a different email address but the same phone number that was associated with the NTOC tip).

Twitter also provided login IP addresses for four logins around the time of the Tweets. One of the logins—at 07:17 zulu (12:17 a.m. Mountain Time)—was associated with IP address 73.153.142.149. This is the same IP address that was used to submit

the NTOC threat, as described above. Mr. Staebell admits that he posted the January 16 Twitter threat and that he knew it would be viewed as a threat.

### Email Threat to Colorado-based Performing Arts Group

As the FBI Denver Field Office was beginning to respond to the NTOC threat, agents contacted the Denver Police Department (DPD) to inform them that a threat had been made against certain agencies located in Denver. At that time, DPD informed the FBI that they were aware of another threat sent by email from "Kyle Staebell." In particular, at around 12:30 a.m. on January 16, 2023, a Colorado-based Performing Arts Group ticketing email address received an email from "kylestaebell@gmail.com." The subject line of the email stated: "Mass Shooting Tomorrow!!!!!" The body of the email was as follows:

> Hello, tomorrow I am going to do a mass shooting and kill fucking everybody I see in the whole building. Fuck you all!!!!!!!!!!!!!
>
> --
> **KYLE STAEBELL**
> Communications Consultant
>
> (720) 253███ ███████
> ███████████ Denver, CO 80205
>
> Add Me on LinkedIn
> www.linkedin.com/in/kylestaebell

Mr. Staebell admits that he submitted the above threat to a Colorado-based Performing Arts Group and that he knew it would be viewed as a threat.

Google provides public information about its servers, none of which are located in Colorado. Accordingly, this threat was transmitted in interstate commerce.

## VI. Sentencing Computation

Mr. Staebell understands that sentencing is determined pursuant to 18 U.S.C. § 3553(a). In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, Mr. Staebell sets forth below his estimate of the advisory guidelines range called for by the United States Sentencing Guidelines.

Mr. Staebell estimates the advisory guidelines apply as follows:

A. The applicable guideline is § 2A6.1.

B. Pursuant to § 2A6.1(a)(1), the base offense level is 12.

C. The following specific offense characteristics apply:

    a. A two-level increase applies because the offense involves more than two threats. *See* U.S.S.G. § 2A6.1(b)(2).

D. Adjustments:

    a. Multiple Counts:

        i. Counts 1, 2, and 3 involve different victims and are therefore not to be grouped under § 3D1.2. U.S.S.G. 2A6.2(c)(3). Because there is less than a four-level difference in offense levels among all counts, one unit should be applied for each count, leading to a three-level increase pursuant to § 3D1.4(a).

E. A 3-level downward adjustment is appropriate under § 3E1.1 for acceptance of responsibility.

F. The total offense level would be 14.

G. Mr. Staebell's criminal history category is estimated as a Category I.

H. Assuming the accuracy of the criminal history estimate, the Career Offender guideline and the Armed Career Criminal statute do not apply.

I. The advisory guidelines range of imprisonment resulting from an offense level of 1̶2̶ 14 and a criminal history category of I is 15 to 21 months.

J. Pursuant to guideline § 5E1.2, the fine range for this offense would be $7,500 to $75,000, plus applicable interest and penalties.

K. Pursuant to guideline § 5D1.2(a)(2), the term of supervision shall be at least one year but no more than three years.

Mr. Staebell understands the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose a sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines range (in length or form), within the advisory guidelines range, or above the advisory guidelines range - up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party.

Date: 1/23/24        _Kyle Staebell_
                     Kyle Staebell
                     Defendant


Date: 1/23/24        _[signature]_
                     Kilie Latendresse
                     Attorney for Defendant