UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case Number:   23-cr-00042-DDD

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**KYLE WILLIAM STAEBELL,**

Defendant.

---

**DEFENDANT'S OBJECTIONS TO PRESENTENCE REPORT**

---

The Defendant, Kyle William Staebell, by and through his attorney, Harvey A. Steinberg, of the law firm of Springer and Steinberg, P.C., hereby submits his objections to the presentence report. The Defendant objects as follows:

1. Mr. Staebell objects to and disputes the general recitation of the facts contained in the presentence report. According to the facts contained in Defendant's Plea of Guilty and Statement of Facts Relevant to Sentencing Without a Plea Agreement, Mr. Staebell only admitted to certain specific conduct.

2. First, specifically, Mr. Staebell objects to and disputes the information contained in paragraphs 19-31 ("Additional Information") of the presentence report, as well as the rationale in paragraphs 37, 44, and 51 for why the offense level for Counts 1-3 should be increased by six levels pursuant to § 2A6.1(b)(1).

3. Pursuant to § 2A6.1(b)(1), the offense level is increased six levels if the offense "involved any conduct evidencing an intent to carry out such threat." In considering whether the subsections of § 2A6.1 apply, the court must "consider both conduct that occurred prior to

the offense and conduct that occurred during the offense; however, conduct that occurred prior to the offense must be substantially and directly connected to the offense, under the facts of the case taken as a whole." *See* § 2A6.1, comment. (n. 1).

4. The probation officer states in paragraphs 37 and 51 that this enhancement applies to Count 1 and Count 3 because Mr. Staebell "visited the FBI offices on two separate occasions (December 17, 2022, and January 4, 2023)," and "recorded a video of himself outside the building on December 16, 2022." However, there is no evidence that Mr. Staebell visited the FBI offices on December 16, 2022, December 17, 2022, on January 4, 2023, or on any other date with the intent to carry out a threat. There is no evidence that this conduct was substantially and directly connected to the offenses.

5. In paragraphs 37 and 51, the probation officer also refers to information obtained from a search of Mr. Staebell's computer. However, this information is not included in any of the "Additional Information" set forth in paragraphs 19-31. Further, there is no explanation for the probation officer's inference that Mr. Staebell researched "Colorado Felon Guns" (much less how this would have "suggest[ed]" he had interest in obtaining a gun). There is no explanation for the probation officer's assertion that Mr. Staebell "researched information about Molotov cocktails" (*e.g.*, what particular information was researched), and no evidence indicating that this was relevant to the threats at issue in this case. There is no evidence that this conduct was substantially and directly connected to the offenses.

6. The probation officer states in paragraph 44 that the enhancement pursuant to § 2A6.1(b)(1) applies to Count 2 because Mr. Staebell "visited Boettcher Concert Hall on

two separate occasions (December 16, and December 17, 2022)," "attempted to contact the conductor of the symphony," and was "seen wearing a backpack" that was "the same backpack" found in a search of the residence located at 4020 Skyline Drive. Again, however, there is no evidence that Mr. Staebell visited Boettcher Concert Hall on December 16 and December 17, 2022, with the intent to carry out a threat. There is no evidence that this conduct was substantially and directly connected to the offense. Further, there is no evidence that the backpack found in the search of the residence at 4020 Skyline Drive—Mr. Staebell's parents' residence—belonged to Mr. Staebell.

7. Mr. Staebell likewise objects to and disputes the rationale in paragraph 45 for why the offense level for Count 2 should be increased by two levels pursuant to § 2A6.1(b)(2).

8. Pursuant to § 2A6.1(b)(2), the offense level is increased two levels if the offense "involved more than two threats."

9. The probation officer states in paragraph 45 that this enhancement applies to Count 2 because "[d]uring a search of the defendant's computer, a PDF was located that stated the following: 'Ok then, let's start with the symphony. Good fucking bye!'" However, this is not included in any of the "Additional Information" set forth in paragraphs 19-31, there is no evidence that the PDF constituted a threat, and moreover, there is no evidence that any such PDF was sent or otherwise provided to the symphony.

10. Next, Mr. Staebell also objects to and disputes the information contained in paragraphs 57-59 of the presentence report. Pursuant to § 2A6.1, comment. (n. 3), multiple counts involving making a threatening or harassing communication to the same victim are grouped

3

together under § 3D1.2 (Groups of Closely Related Counts). Counts 1 and 3 involve making a threatening or harassing communication to the same victim and should therefore be grouped together under § 3D1.2.

11. Mr. Staebell further objects to and disputes the statement contained in paragraphs 108 and 109 of the presentence report. There are factors which may warrant a departure or variance from the applicable sentencing guideline range, and Mr. Staebell intends to file a motion detailing those factors.

12. Finally, for the reasons discussed above, Mr. Staebell objects to the rationale in Exhibit A—specifically, any information referred to from above-discussed paragraphs 19-31 of the presentence report—for why a sentence of 33 months is recommended.

**WHEREFORE**, the Defendant respectfully moves this Court to accept these objections to the presentence report and grant such further relief as the Court deems just and proper under the premises.

Dated this 9th day of April, 2024.

Respectfully submitted,

/s/ *Harvey A. Steinberg*
Harvey A. Steinberg
Springer & Steinberg, P.C.
Attorney for Kyle Staebell
1400 S. Colorado Blvd., Suite 500
Denver, CO 80222
(303)861-2800 Telephone
(303)832-7116 Telecopier
hsteinberg@springersteinberg.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of April, 2024, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**AUSA Andrea Lee Surratt**
Email: andrea.surratt@usdoj.gov

**AUSA Laura Cramer-Babycz**
Email: laura.cramer-babycz@usdoj.gov

/s/ Stacey Lopez
Stacey Lopez for Harvey A. Steinberg
Springer & Steinberg, P.C.
Attorney for Kyle Staebell
1400 S. Colorado Blvd., Suite 500
Denver, CO 80222
(303)861-2800 Telephone
(303)832-7116 Telecopier
hsteinberg@springersteinberg.com